**TRANS CHEMICAL LIMITED; et al., Plaintiffs,**

**Trans Chemical Limited, Plaintiff–Appellee,**

**v.**

**CHINA NATIONAL MACHINERY IMPORT AND EXPORT CORPORATION; et al., Defendants,**

---

China National Machinery Import and Export Corporation, Defendant–Appellant.

In the Matter of Mohammed H. HALIPOTO, M.D.; Zareena Halipoto, Debtors.

CHINA NATIONAL MACHINERY IMPORT AND EXPORT CORPORATION, Appellant,

v.

TRANS CHEMICAL LIMITED, Appellee.

CNMIEC, Plaintiff–Appellant,

v.

TCL, Defendant–Appellee.

No. 97–20695.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1998.

**319**

Ronald D. Secrest, Eric J.R. Nichols, Beck, Redden & Secrest, Houston, TX, for Plaintiff–Appellee.

Edward J. Murphy, William Bruce Stanfill, Mark William Moran, Beirne, Maynard & Parsons, Houston, TX, for Defendant–Appellant.

Before KING, JOLLY and JONES, Circuit Judges.

PER CURIAM:

China National Machinery Import and Export Corporation (CMC) appeals the district court's confirmation of an arbitral award rendered against it. We affirm.

On appeal, CMC raises four issues: (1) Is CMC, a Chinese corporation, an "agent or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603, such that the district court had subject matter jurisdiction to confirm the arbitral award rendered against CMC, 28 U.S.C. § 1330? (2) Was the arbitral award "not considered as domestic ... in the State where [its] recognition and enforcement are sought" such that the district court could enforce it pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517 (1970), *reprinted in* 9 U.S.C. § 201? (3) Did the contract between CMC and TCL involve "commerce" such that the district court could enforce the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 2? (4) Did the district court err in refusing to vacate the award under the Federal Arbitration Act, 9 U.S.C. § 10(a)(1)?

We agree with the district court's analysis of these issues and therefore adopt Parts I–V of its careful and comprehensive opinion, *In re Arbitration Between: Trans Chemical Ltd. & China National Machinery Import & Export Corp.*, 978 F.Supp. 266 (S.D.Tex.1997).[1] The judgment of the district court is AFFIRMED.

1. We do not, of course, imply that the other portions of the opinion are in any way erroneous.